UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| | ) | Case No. 4:13-cr-28 |
| v. | ) | |
| | ) | Judge Mattice |
| DAVID GLENN HELTON, | ) | Magistrate Judge Lee |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## ORDER

On August 11, 2014, United States Magistrate Judge Susan K. Lee filed her Report and Recommendation (Doc. 40) pursuant to 28 U.S.C. § 636(b)(1). In her Report and Recommendation, Magistrate Judge Lee recommended that Defendant's Motion to Suppress (Doc. 34) be denied. On August 26, 2014, Defendant filed timely objections to the Report and Recommendation. (Doc. 41).

The Court has now reviewed the entire record relevant to the instant objections, and for the reasons described below, the Court will **ACCEPT and ADOPT** Magistrate Judge Lee's Report and Recommendation and will **DENY** Defendant's Motion to Suppress.

### I. BACKGROUND

Magistrate Judge Lee held an evidentiary hearing on Defendant's Motion to Suppress on July 28, 2014, during which Secret Service Agent Darren Earle and Shelbyville Police Department Detective Sergeant Brian Crews testified for the Government. In her Report and Recommendation, Magistrate Judge Lee recounted the facts developed at the evidentiary hearing. (Doc. 40 at 1-5). Defendant has not objected

to any of the facts as outlined in Magistrate Judge Lee's Report and Recommendation. Instead, Defendant's objections focus on the legal conclusions drawn from the facts. Accordingly, the Court **ADOPTS BY REFERENCE** the facts as set out in Magistrate Judge Lee's Report and Recommendation. (*Id.*) The Court will refer to the facts only as necessary to analyze the issues raised on objection.

## II. ANALYSIS

Defendant has specifically objected to Magistrate Judge Lee's finding that the Government produced sufficient evidence to establish that Emily Helton, Defendant's daughter, had actual or apparent authority to consent to the search of Defendant's vehicle. (Doc. 41 at 1). In support of his objection, Defendant argues that the instant case is analogous from certain cases cited within his motion. *See id.* at 2.

When reviewing objections to a Report and Recommendation, the Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made, and it may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

The Court has reviewed the record relevant to the instant objection and agrees with Magistrate Judge Lee's well-reasoned conclusions. As Magistrate Judge Lee discusses in her Report and Recommendation, the key issue in determining whether Emily Helton had authority to consent to the search of Defendant's vehicle is whether "the police conducted the search in good faith reliance on [her] apparent authority to authorize the search through her consent." *United States v. Purcell*, 526 F.3d 953, 963 (6th Cir. 2008). Apparent authority by a third-party is judged by an objective standard, and a "search consented to by a third party without actual authority over the premises is nonetheless valid if the officers reasonably could conclude from the facts available that

2

the third party had authority to consent to the search." *United States v. Tatman*, 397 F. App'x 152, 167 (6th Cir. 2010). In addition to the general standards for apparent authority, Magistrate Judge Lee also cited specific cases in which courts have found that a third-party driving a vehicle had apparent authority to give consent to a search of that vehicle. *See* Doc. 40 at 7. Considering these standards and the facts known to the officers at the time they searched the car, the Court agrees with Magistrate Judge Lee's conclusion that Agent Earle and Detective Crews could have reasonably concluded that Emily Helton had authority to consent to a search of the vehicle.

Although Defendant disagrees with this finding, Magistrate Judge Lee arrived at this conclusion after listening to the testimony of Agent Earle and Detective Crews and evaluating their credibility regarding their perception of Emily Helton's authority to consent to the search of Defendant's vehicle. It has long been the practice of our judicial system to leave credibility determinations to the fact finder best equipped to make those determinations. *See Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 565 (1985); *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948) ("The practice in equity prior to the present Rules of Civil Procedure was that the findings of the trial court, when dependent upon oral testimony where the candor and credibility of the witnesses would best be judged, had great weight with the appellate court"). Considering the record before the Court and the determinative nature of the testimony of Agent Earle and Detective Crews, the Court sees no reason to disturb Magistrate Judge Lee's finding and Defendant's objection will be **OVERRULED**.

Accordingly, the Court **ACCEPTS and ADOPTS** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations as set forth above pursuant to

3

§ 636(b)(1); Defendant's Objections (Doc. 41) are **OVERRULED**; and Defendant's Motion to Suppress (Doc. 34) is **DENIED.**

**SO ORDERED** this 23rd day of October, 2014.

                                               */s/ Harry S. Mattice, Jr.*
                                               HARRY S. MATTICE, JR.
                                               UNITED STATES DISTRICT JUDGE